154

In my opinion United States v. Chemical Foundation and Cummings v. Deutsche Bank are dispositive of the issue involved in the case at bar.

 The claimant's contention here narrows down to the proposition that the Custodian cannot exercise his valid powers simply because the subject matter of the seizure was already the subject of litigation brought by the United States.

To sustain such a contention would be to nullify the intent of the Congress as declared in the Trading with the Enemy Act.

For the reasons stated, I am of the opinion that the orders prayed for in the petition of the Alien Property Custodian should be granted, and that the motions of the claimant should be denied.

An order may be submitted in accordance with this opinion.

---

**UNITED STATES of America, Libellant, v. The Vessel SANTA ROSA, Her Engines, Boilers and Machinery, Tackle, Apparel, Furniture and Equipment; A. T. Rosasco, Claimant.**

**No. 67 of 1941.**

District Court, E. D. Pennsylvania.

March 8, 1943.

A. Matt. Werner, General Counsel to Alien Property Custodian, George A. McNulty, Chief, Alien Property Unit, and Albert Parker, Atty., Alien Property Unit, all of Washington, D. C., for petitioner.

Homer L. Loomis (of Loomis & Williams), of New York City, for claimant.

KALODNER, District Judge.

The orders prayed for in the petition of the Alien Property Custodian should be granted and the motions of the claimant should be denied.

See opinion filed this day in United States of America v. The Vessel Antoinetta, D.C., 49 F.Supp. 148.

An order may be submitted in accordance with the above.

---

**UNITED STATES of America, Libellant, v. The Vessel MAR GLAUCO, Her Engines, Boilers and Machinery, Tackle, Apparel, Furniture and Equipment; Mariano Maresca & Company, Claimant.**

**No. 69 of 1941.**

District Court, E. D. Pennsylvania.

March 8, 1943.

KALODNER, District Judge.

The orders prayed for in the petition of the Alien Property Custodian should be granted and the motions of the claimant should be denied.

See opinion filed this day in United States of America v. The Vessel Antoinetta, D.C., 49 F.Supp. 148.

An order may be submitted in accordance with the above.

---

**UNITED STATES of America, Libellant, v. The Vessel BELVEDERE, Her Engines, Boilers and Machinery, Tackle, Apparel, Furniture and Equipment; Italia Societa Anonima Di Navigazione, Claimant.**

**No. 71 of 1941.**

District Court, E. D. Pennsylvania.

March 8, 1943.

A. Matt. Werner, Gen. Counsel to Alien Property Custodian, George A. McNulty, Chief, Alien Property Unit, and Albert Parker, Atty., Alien Property Unit, all of Washington, D. C., for petitioner.

Homer L. Loomis (of Loomis & Williams), of New York City, for claimant.

KALODNER, District Judge.

The orders prayed for in the petition of the Alien Property Custodian should be granted and the motions of the claimant should be denied.

See opinion filed this day in United States of America v. The Vessel Antoinetta, D.C., 49 F.Supp. 148.

An order may be submitted in accordance with the above.

**BELL, Secretary of Banking of Pennsylvania, v. DUNN.**

**No. 2692.**

District Court, E. D. Pennsylvania.

March 9, 1943.

William Brodsky and George J. Mallen, both of Philadelphia, Pa., for plaintiff.

Harry R. Matten (of Matten & Matten), of Reading, Pa., for defendant.

BARD, District Judge.

This action was instituted in the Court of Common Pleas of Berks County by the Secretary of Banking of the Commonwealth of Pennsylvania, as receiver of the Hirsh Luria Building and Loan Association, against the receiver of the Reading National Bank for breach of a written contract alleged to have been executed by the bank. After the case was removed to this court upon application of the defendant, he filed his answer to the complaint and subsequently moved, under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, for judgment on the pleadings. Plaintiff thereupon made application for leave to file an amended complaint so as to aver the authority of the cashier of the bank to execute the contract in suit and thus to preclude judgment on the ground that such authority was not averred in the original statement of claim filed. The filing of the amended complaint is hereby allowed and defendant's motion will be considered as if directed to the complaint as amended.

The amended complaint sets forth that one Liever was interested in effecting a merger of the Central Building and Loan Association with the Hirsh Luria Building and Loan Association. To accomplish this end he guaranteed to the Hirsh Luria the payment of $87,000 of mortgages owned by the Central and he pledged as security for this guaranty 175 double shares of the Hirsh Luria which he owned. Subsequently he assigned 100 of these shares to the Reading National Bank and 75 of them to one Hassel, both of these assignments being subject to the prior assignment thereof to the Hirsh Luria. The shares matured in 1930, when the agreement in suit was entered into among the Hirsh Luria, the Reading National Bank and Hassel. This agreement, after setting forth the above transactions, further recites:

"And, Whereas, the said Reading National Bank and Morris Hassel agreed at the time of the assignment of said shares to them that they will agree, and did agree,